IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



| | | |
|---|---|---|
| KENNETH RAY BRASHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-1271-T/An |
| | ) | |
| HENDERSON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff Kenneth Ray Brasher, an inmate confined at the Haywood County Jail (HCJ), in Brownsville, Tennessee, who was formerly confined at the Henderson County Jail (HCJ) in Lexington, Tennessee, has filed a complaint under 42 U.S.C. § 1983, along with motions to proceed in forma pauperis and for appointment of counsel. The Clerk of Court shall file the case and record the defendants as Henderson County[1] and R. Duevill Lunsford.

---

[1] Plaintiff named the Henderson County Jail as a defendant. As the jail is not a suable entity, the Court construes the complaint as naming the Henderson County as the defendant. See generally Hafer v. Melo, 502 U.S. 21 (1991).

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 5/6/05

5

I.     Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

Although plaintiff complied with the PLRA by submitting the proper information from the Northwest Corrrectional Complex, he has notified the Clerk that he has been transferred to the Haywood County Jail. Plaintiff must now submit a new in forma pauperis affidavit and a prison trust fund account statement from the Haywood County Jail showing:

1) the average monthly deposits, and
2) the average monthly balance for the six months prior to submission of the complaint, and
3) the account balance when the complaint was submitted.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that plaintiffs cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order each plaintiff properly complete and file both an in forma pauperis affidavit and a trust fund account statement showing the above amounts. It is further ORDERED that the trust fund officer at plaintiffs' prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiffs' trust fund accounts for the six months immediately preceding the completion of the affidavit. When the accounts contain any funds, the trust fund officer shall collect them

and pay them directly to the Clerk of Court. If the funds in any plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in that plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to any plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from any plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to that accounts during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid. The three plaintiffs shall be jointly liable for the filing fee, but no more than $150 shall be collected for this case.

Each time that the trust fund officer makes a payment to the Court from either account as required by this order, he shall print a copy of that prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 Federal Building, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify that plaintiff's name and the case number on the first page of this order.

If any plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If any plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiffs' prison.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

## II. Analysis of Plaintiffs' Claims

The plaintiff sues Henderson County and Henderson County Sheriff Lunsford alleging that, while awaiting trial in Henderson County, he was placed in a cell with state's witnesses for his prosecution. He alleges that he reported this to a jailer, who replied that there was no other place to house him. He alleges that the state's witnesses attacked him later that day, hitting him in the face, head, and back. Plaintiff alleges that a jailer came and moved him to the basement where work release inmates are housed. Brasher alleges that he requested medical assistance but the jailer told him to lie down. He was later called to the booking area to receive his insulin shot where he asked to go to the hospital. Plaintiff states

4

that he was told to go back to the basement and lie down. Brasher alleges that he was unable to exhaust his administrative remedies on these claims because he was taken back to the Northwest Correctional Complex less than forty-eight hours later. He seeks one million dollars compensation.

A local governmental entity, such as a county, "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the [county] itself is the wrongdoer." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992). See also Jett v. Dallas Independent School District, 491 U.S. 701, 726-29 (1989)(discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)(rejecting simple vicarious liability for municipalities under § 1983); City of St. Louis v. Praprotnik, 458 U.S. 112, 122 (1988)(interpreting rejection of respondeat superior liability by Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691 (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)(same); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997)(rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that her injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing Pembaur).

5

In this case, it is clear from the complaint that plaintiff relies entirely on the fact that he was confined in the county Jail as the basis for any claim that he suffered a violation of civil rights. None of the facts alleged support an inference that the County maintains a policy of deliberate indifference to inmate safety or serious medical needs.

Furthermore, plaintiff fails to allege any affirmative act by Sheriff Lunsford. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985). Moreover, there is no respondeat superior liability under § 1983. Monell, 436 U.S. at 691; Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984) (liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct). It is clear from the face of the complaint, even construed liberally under Haines v. Kerner, 404 U.S. 519 (1972), that plaintiff relies entirely on the supervisory position held by defendant Lunsford at the HCJ as the sole basis for the claims against him.

Accordingly, this complaint seeks to assert claims which fail to state a claim upon which relief may be granted and is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion for the appointment of counsel is DENIED as moot due to the dismissal of this case.

III. Appeals Issues

The next issue to be addressed is whether plaintiffs should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would be frivolous. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by any plaintiff is not taken in good faith and that plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if any plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiffs are instructed that if they wish to take advantage of the installment procedures for paying the appellate filing fee, they must comply with the procedures set out in McGore and § 1915(b).

7

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim.

IT IS SO ORDERED this 2nd day of May, 2005.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 1:04-CV-01271 was distributed by fax, mail, or direct printing on May 9, 2005 to the parties listed.

Kenneth Ray Brasher
410 Hwy 70 East
Brownsville, TN 38012

Honorable James Todd
US DISTRICT COURT